UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TELEBRANDS CORP., | : | |
| Plaintiff, | : | Civil Action No. 10-3730 (SRC) |
| v. | : | |
| TEE VEE BRANDS (USA) et al., | : | **OPINION & ORDER** |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Amended Complaint for insufficient service of process, pursuant to FED. R. CIV. P. 12(b)(5), by Defendant Tee Vee Brands International Ltd. ("TVBI"). For the reasons stated below, the motion will be denied.

In brief, TVBI moves to dismiss the Amended Complaint on the ground that Plaintiff failed to serve TVBI within the 120 days required by Federal Rule of Civil Procedure 4(m). In response, Plaintiff argues that TVBI has waived its right to challenge service of process, pursuant to Federal Rule of Civil Procedure 12(h)(1), which states:

> (h) Waiving and Preserving Certain Defenses.
>   (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>     (A) omitting it from a motion in the circumstances described in Rule 12(g)(2);
>        or
>     (B) failing to either:
>       (i) make it by motion under this rule; or
>       (ii) include it in a responsive pleading or in an amendment allowed by Rule
>          15(a)(1) as a matter of course.

The defense of insufficient service of process is listed in Rule 12(b)(5). Plaintiff contends that TVBI waived this defense when it omitted it from the motion it filed on August 12, 2010, a

motion to strike a particular paragraph of the Complaint. Plaintiff contends that the motion to strike falls within the scope of "the circumstances described in Rule 12(g)(2)," which states:

> (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Plaintiff contends that the August 12, 2010 motion to strike constituted a first motion under Rule 12 which did not raise insufficient service of process. TVBI's opening brief for the motion to strike asked the Court to act pursuant to the authority of Rule 12(f) – thus making it a "motion under this rule." (Docket Entry No. 10 at 2.)

In reply, TVBI argues that the waiver rule "relates to defensive pleadings only." (TVBI Reply 18.) TVBI provides no support for this position. The relevant provisions of Rule 12 use the word "motion," not the phrase "defensive pleadings." The August 12, 2010 motion is a motion brought under Rule 12. The Notice of Motion filed by Defendants states that TVBI is one of the moving parties. Furthermore, on August 9, 2010, Plaintiff filed an affidavit of service as to TVBI. TVBI now moves to dismiss on the ground that the person served, Vin Advani, was not authorized to accept service on behalf of TVBI. This defense was available to TVBI when it filed its motion on August 12, 2010. It did not raise this defense and, under Rules 12(h)(1) and 12(g)(2), in filing the motion of August 12, 2010, TVBI waived its right to independently assert the defense of insufficient service of process.

For these reasons,

**IT IS THEREFORE** on this 17th day of February, 2011,

**ORDERED** that TVBI's motion to dismiss the Amended Complaint for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5), (Docket Entry No. 53) is **DENIED**.

                                                      s/ Stanley R. Chesler
                                                   Stanley R. Chesler, U.S.D.J.